James C. Mahan
U.S. District Judge

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:15-CR-54 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| CAMERON BELL, | |
| Defendant(s). | |

Presently before the court is *pro se* petitioner Cameron Bell's ("Bell") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 171). The United States of America (the "government") filed a response (ECF No. 179). Bell has not filed a reply, and the time to do so has passed.

Also before the court is Magistrate Judge Hoffman's ("Judge Hoffman") report and recommendation ("R&R"). (ECF No. 176). Bell filed an objection to the R&R (ECF No. 180), to which the government responded. (ECF No. 181).

Also before the court is Bell's motion for "grand jury minutes, transcripts, impanelment [sic], and extension of service dates." (ECF No. 175). The government did not file a response, and the time to do so has passed.

Also before the court is Bell's "motion pursuant to Circuit Rule 28(J)." (ECF No. 185). The government filed a response (ECF No. 186), to which Bell replied (ECF No. 187).

Lastly before the court is Bell's motion for writ of mandamus. (ECF No. 188).

. . .

. . .

**I. Background**

On February 24, 2015, the United States of America (the "government") filed a one-count indictment against Bell pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2), for being a felon in possession of a firearm. (ECF No. 1).

On March 16, 2015, the court appointed Raquel Lazo ("Lazo") as Bell's counsel. (ECF No. 13). Lazo immediately moved for the court to suppress the firearm as evidence due to the government's unlawful search and seizure of the pink backpack. (ECF Nos. 19, 26). To determine whether the police violated Bell's Fourth Amendment right by unlawfully searching and seizing the backpack the court held an evidentiary hearing. (ECF No. 67).

At the close of the evidentiary hearing, the district court denied Bell's motion to suppress evidence, adopting the magistrate judge's ruling that Bell and Taylor abandoned the backpack. (ECF Nos. 179, 26). On September 10, 2015, Bell filed a *pro se* motion to dismiss for lack of personal or subject matter jurisdiction—Lazo still being Bell's counsel. (ECF No. 38). The government filed a motion to strike the dismissal due to Bell's failure to invoke his constitutional right to self-representation, which the court granted. *Id*.

Bell then requested, and the court granted, dismissal of Lazo as Bell's counsel. (ECF No. 45). On October 14, 2015, the court appointed David T. Brown ("Brown") as Bell's counsel, (ECF No. 48). Unhappy with Brown, Bell requested dismissal of Brown as counsel as well. (ECF No. 50). Moreover, Brown moved to withdraw as Bell's counsel, expressing that "as an officer of the [c]ourt [he] was unable to file motions that [he] felt were inappropriate, but [Bell] felt were absolutely necessary." (ECF No. 52).

Two months later, Judge Hoffman conducted a *Faretta* canvass hearing. (ECF No. 54). Judge Hoffman determined that Bell "knowingly, intelligently, and unequivocally waived his right to counsel" and he also insists on representing himself. *Id*. At this time, Judge Hoffman withdrew Brown as counsel. *Id*.

On February 8, 2016, Bell, now a *pro se* litigant, moved the court to dismiss the indictment for the prosecutor's misconduct. (ECF No. 87). Specifically, Bell asserted that because the

- 2 -

prosecutor redacted the "transcripts of proceedings of [F]aretta hearing" and redacted ECF No. 68, the prosecutor violated the Bell's Fifth Amendment right. *Id*. On April 19, 2016, the court denied Bell's motion to dismiss the indictment, finding that "Bell provides no basis for the proposition that the indictment is defective or that favorable information has been deleted." (ECF Nos. 91, 105). Bell again moved to dismiss the case on two grounds: (1) lack of personal and subject matter jurisdiction; and (2) the grand jury's failure to endorse the indictment in violation of the Fifth Amendment. (ECF Nos. 97, 105). The court also denied this motion. (ECF No. 105).

After seven continuations due to Bell's unreadiness to go to trial, the court set the trial date for July 11, 2016. (ECF Nos. 106-08). A two-day jury trial commenced on that date. (ECF No. 113). On the first day of trial, without the presence of the grand jury, Bell informed the court that he desired to file additional motions. (ECF No. 113). The court informed Bell that the time to file motions has passed. *Id*. Ten minutes later, Bell told the government that he would like to plead guilty. *Id*. The court then reconvened for a change of plea hearing. *Id*. During the change of plea hearing, Bell decided not to plead guilty but to proceed with trial.[1] *Id*.

On the first day of trial, the government presented eight witnesses; Bell presented no witnesses, and thus the court recessed. (ECF No. 113 at 3). On the second day of trial, Bell and the government presented their closing arguments. (ECF No. 114). After deliberating for approximately two hours, the jury found Bell guilty of violating §§ 922(g)(1) and 924(a)(2). (ECF Nos. 114-15).

On September 14, 2017, Bell appealed his conviction asserting three claims: (1) "that the district court erred when it denied his motion to suppress evidence found when an officer discovered the gun while examining the contents of a backpack that was found on the sidewalk;" (2) that the district court should have recused itself for its bias and partiality against him; and (3)

---

[1] Bell also informed the court that he would like to request an attorney. The court informed Bell that the time to appoint counsel has passed and at this time his options were either to proceed with trial or enter a plea of guilty. Further, the court determined that considering Bell's seven continuances the court will not delay the trial any further. (ECF No. 153).

that the district court should have dismissed the indictment because his actions were insufficient to meet the "interstate commerce" element of the offense. (ECF No. 171-1).

On March 27, 2018, the Ninth Circuit rejected each of Bell's assertions and affirmed his conviction. *Id*. The Ninth Circuit stated that (1) the district court did not commit clear error in determining that the backpack was abandoned; (2) nothing in the record suggests that the court's conduct was so extreme for the court to recuse itself; and (3) the Supreme Court previously determined that § 922(g)(1) suffices as a "minimal nexus" for interstate commerce. *Id*.

Bell now moves to vacate his sentence pursuant to 18 U.S.C. § 2255.

## II. Legal Standard

### A. 28 U.S.C. § 2255 motion to vacate sentence

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . ." 28 U.S.C. § 2255(a). To be granted relief, a petitioner must allege lack of jurisdiction or constitutional error. *Hamilton v. United States*, 67 F.3d 761, 763 – 64 (9th Cir. 1995). Otherwise, a court should only grant a § 2255 motion where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

In addition, limitations are placed on § 2255 motions because: (1) the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity; and (2) § 2255 "is not designated to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993); *United States v. Frady*, 456 U.S. 152, 164 (1982).

### B. Report and recommendation

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a de novo determination of those portions of the [report and

James C. Mahan
U.S. District Judge

- 4 -

recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen (14) days from the date of service of the findings and recommendations. Similarly, Local Rule 7-2 provides that a party must file an opposition to a motion within fourteen (14) days after service of the motion.

## III. Discussion

Bell asserts five grounds for which he requests that the court grant his motion to vacate, set aside, or correct his sentence pursuant to § 2255: (1) the police violated his Fourteenth Amendment right by unlawfully searching and seizing his wife's backpack; (2) §§ 922(g)(1) and 924(a)(2) violate the Tenth Amendment and are beyond Congress' scope of authority; (3) he received ineffective assistance of pretrial counsel in violation of his Sixth Amendment right to be guaranteed effective counsel; (4) the court should dismiss the indictment due to the prosecutor's redacting of documents that were in favor of the defendant; and (5) the grand jury failed to endorse the indictment which violated his Fifth Amendment right to due process. (ECF No. 171)

### A. Bell's § 2255 motion

#### 1. Successive claim rule

"When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as the basis for a subsequent § 2255 petition." *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000); *Frady*, 456 U.S. at 164; *United States v. Kellow*, 2019 WL 78944 *19 (D. Nev. Jan. 2, 2019) (J. Navarro) ("issues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding.") (citation omitted). A petitioner's restating of an issue but using different language is also unreviewable. *United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979).

Bell argues that "18 U.S.C. §§ 922(g)(1)[2] and 924(a)(2)[3] exceed Congress' enumerated powers and invade powers reserved to the states by the Tenth Amendment." (ECF No. 171). Specifically, Bell argues in his motion that Congress did not have the authority over "a criminal act committed wholly within a state" and it "cannot be made an offense against the United States." (ECF Nos. 171, 171-1). From these statements the court understands Bell to believe that because the federal government did not have authority to bring the charge absent an "interstate commerce" nexus, the federal district court did not have jurisdiction over his actions. (*See* ECF No. 171).

The Ninth Circuit considered and rejected this argument on direct appeal of Bell's conviction. (ECF No. 171-1). The Ninth Circuit stated that "both the Supreme Court and this court have previously determined that the 'minimal nexus' required by § 922(g)(1) suffices" to give Congress authority pursuant to the Commerce Clause.[4] (ECF No. 171-1) (citing *United States v. Scarborough*, 431 U.S. at 575) (finding that Congress intended for § 922(g)(1) to pertain to possession of firearms broadly; including the production of the firearm and its transportation). Therefore, because the Ninth Circuit addressed this issue on direct appeal, the successive claim rule precludes Bell from relitigating this issue under a § 2255 motion. *Printz v. United States*, 521 U.S. 898, 935 (1997).

Bell argues that the court should vacate his sentence because the grand jury considered evidence gained in an unconstitutional search of his wife's pink backpack to determine his conviction. (ECF No. 171), However, Bell appealed to the Ninth Circuit on this very same matter claiming that "the district court erred when it denied his motion to suppress evidence found when an officer discovered the gun while examining the contents of a backpack that was found on the sidewalk." *Id*. The Ninth Circuit rejected this argument. *Id*.

---

[2] "It shall be unlawful for any person— (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;"

[3] "Whoever knowingly violates subsection (a)(6), (d), (g), (h), (i), or (o) of section 922 [18 USCS 922] shall be fined as provided in this title, imprisoned not more than 10 years, or both.

[4] "The reference to 'any building . . . used . . . in any activity affecting interstate or foreign commerce' expresses an intent by Congress to exercise its full power under the Commerce Clause." *Russell v. United States*, 471 U.S. 858, 859 (1985)

Because Bell has, in the instant motion, restated facts previously litigated both at the district court level and the appellate level the court finds that the successive claim rule bars Bell from bringing this claim under a § 2255 motion. *Printz*, 521 U.S. at 935; (ECF Nos. 171, 171-1).

## 2. *Procedural default rule*

"[W]hen a defendant fails to raise a legal argument on direct appeal, the procedural default rule applies and bars collateral review under § 2255." *Massaro v. United States*, 538 U.S. 500, 504 (2003). However, the rule does not apply in one of two circumstances: (1) where the defendant can show "cause and prejudice"; or (2) the defendant can show "actual innocence." *Massaro*, 538 U.S. at 504; *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003).

To show cause, a defendant must demonstrate "that some objective factor external to the defense impeded his efforts to raise the barred claim," and those factors include a showing that the basis for the claim was unavailable to counsel. *United States v. Lovett*, 2018 WL 3370533 at \*6 (D. Nev. July 10, 2018) (J. Mahan).

Ineffective assistance of appellate counsel can constitute the cause required for a procedural default exception. *Murray v. Carrier*, 477 U.S. 478, 488 – 92 (1986). However, "appellate counsel's failure to raise issues on direct appeal does not constitute ineffective assistance when appeal would not have provided grounds for reversal." *Wildman v. Johnson*, 261 F.3d 832, 840 (9th Cir. 2001). Appellate counsel has "no constitutional duty to raise every non frivolous issue requested by a petitioner." *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). "[W]eeding out weaker issues . . . is widely recognized as one of the hallmarks of effective appellate assistance." *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989).

To show prejudice, a defendant must demonstrate "a reasonable probability that his conviction or sentence would have been different" absent the counsel's ineffective assistance. *Lovett*, slip op. at \*6 – 7. If a defendant cannot demonstrate cause or prejudice, he must prove "actual innocence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To establish "actual innocence" a defendant must show that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*.

Bell argues for a dismissal of the indictment due to prosecutorial misconduct. (ECF No. 171). Bell accuses the government of redacting court documents to alter or materially alter evidence. *Id*. However, "[t]he mere assertion of prosecutorial misconduct is not in itself sufficient to raise a triable issue of fact." *United States v. VEATCH*, 1997 WL 418886 at *3 (9th Cir. July 16, 1997). Bell did not raise this issue on direct appeal. Thus, Bell must demonstrate "cause and prejudice" or "actual innocence." *See Schlup*, 513 U.S. at 327.

Conversely, the government argues, and the court agrees that Bell cannot show "cause" for this issue. (ECF No. 179). Bell does not assert that his appellate counsel's ineffective assistance caused him to not bring this issue on appeal. (ECF no. 171). Further, on February 8, 2016, Bell raised the issue of prosecutorial misconduct to the court. (ECF No. 91). However, the court found that Bell provided no evidence to show that the prosecutor modified the indictment in any substantial way.[5] (ECF No. 91)

Now, in the present motion, Bell has failed to provide any subsequent evidence to show a substantial modification. (ECF No. 171). Therefore, the court finds that Bell has failed to demonstrate "cause and prejudice" for failing to raise this claim on direct appeal. Accordingly, Bell cannot raise this issue under § 2255.

Bell also argues for a dismissal of the indictment due to the grand jury's failure to endorse the indictment. (ECF No. 171). Again, because Bell did not assert this issue on appeal, Bell must demonstrate either "cause and prejudice" or "actual innocence." *See Schlup*, 513 U.S. at 327. The government avers that this issue is meritless because Judge Hoffman stated that the government "provided a copy of the indictment which was signed by the foreperson of the grand jury." (ECF Nos. 91, 179 at 8).

First, Bell has not shown cause for not litigating this issue on appeal nor has he shown prejudice for the grand jury's failure to endorse the indictment. (ECF No. 171). Again, Bell does not assert ineffective assistance of appellate counsel. *Id*. Bell has also failed to provide any

---

[5] Magistrate Judge Hoffman admits that the court incorrectly: (1) spelled Faretta; (2) identified the day of the offense; and (3) named the attorneys.

- 8 -

evidence to support the fact that the grand jury has not endorsed the indictment. *See* (ECF No. 91).

Second, the court finds that the failure of the grand jury to endorse an indictment is not a defect so fundamental that it causes a "miscarriage of justice." *Davis*, 417 U.S. at 345. The Supreme Court has held that a lack of an endorsement in the indictment is immaterial and insufficient to warrant vacating a sentence. *Frisbie v. United States*, 157 U.S. 160, 165 (1895). The Court stated, "[n]o indictment found and presented by a grand jury in any district or circuit or other court of the United States shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant." *Id*. at 164.

Thus, the court will presume the grand jury endorsed the indictment if the parties have placed the indictment in the record. *Id*. at 165. Therefore, the court finds that Bell has failed to demonstrate cause and prejudice for his failure to raise this issue on direct appeal. Accordingly, Bell cannot raise this issue under § 2255.

### 3. *Ineffective assistance of pretrial counsel*

"[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). To establish ineffective assistance of counsel, a defendant must demonstrate that the counsel's conduct was not "within the range of competence demanded of attorneys in criminal cases." *Id*. In addition, to show deficiency in the counsel's performance, a defendant must show that "counsel made errors so serious that counsel was not functioning [in the capacity] guaranteed to the defendant by the Sixth Amendment." *Ainsworth v. Woodford*, 268 F.3d 868, 873 (9th Cir. 2001) (quoting *Strickland*, 466 U.S. at 687).

Bell argues that his pretrial counsel, Lazo, denied him effective assistance and violated his Sixth Amendment right by failing to "present evidence at the suppression hearing." (ECF No. 171 at 6). Specifically, Bell asserts that Lazo refused to have Taylor sign an affidavit because Lazo believed Taylor was under the influence of illegal substances. *Id*. Therefore, Bell contends that

this refusal caused "[him] to lose [the] suppression hearing." *Id*. In rebuttal, the government argues that Lazo possessed the privilege to make tactical decisions within her professional assessment. (ECF No. 179 at 8).

There is no evidence in the record to suggest that Lazo's performance was "so serious as to deprive [Bell] of a fair trial" or to show that Bell's assertions are anything more than conclusory allegations. *See United States v. Span*, 75 F.3d 1383, 1390 (9th Cir. 1996) (quoting *Strickland*, 466 U.S. at 687). Lazo's alleged decision to not present Taylor as a witness during an evidentiary hearing did not deprive Bell of a fair trial. *Strickland*, 466 U.S. at 668 (concluding that, although counsel made errors in judgment by failing to investigate mitigating evidence further than he did, no prejudice to respondent's sentence resulted from any such error in judgment.); (ECF No. 171). Indeed, Bell denounced Lazo as counsel before the trial began and represented himself as a *pro se* litigant during trial. (ECF No. 45). As *Strickland* requires Bell to demonstrate that Lazo's performance prejudiced him, the court finds that Lazo's failure to present a witness alone is insufficient to violate Bell's Sixth Amendment right. *Strickland*, 466 U.S. at 687.

### 4. *Certificate of appealability*

Where the court denies a petitioner's § 2255 motion, the court may issue a certificate of appealability only when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make such a showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that Bell has not made a substantial showing of the denial of a constitutional right to justify issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that Bell is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. Therefore, the court declines to issue a certificate of appealability. *See Slack*, 529 U.S. at 484.

*B. Judge Hoffman's R&R*

Bell's "motion for grand jury minutes, transcripts impanelment, and extension of service dates" because that information "shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." (ECF No. 175 at 1). Bell's "motion pursuant to Circuit Rule 28(J)," in sum and substance, requests the same relief for the same reason: information about the grand jury proceedings in his case may be grounds to "expunge" this case. (ECF No. 185 at 2). Because the motions are substantively identical, the court will address them together.

Because Bell timely objected to Judge Hoffman's R&R, this court must conduct a de novo review of this issue. The court comes to the same conclusion as the magistrate judge: Bell is requesting information about grand jury proceedings in an effort to dismiss (or "expunge") this case. The time to file motions had passed when Bell informed the court that he desired to file additional motions on the first day of trial. (ECF No. 113). Now, nearly four years later, Bell's attempt to dismiss this case remains untimely.

Accordingly, the court adopts Judge Hoffman's R&R (ECF No. 176), denies Bell's motion for grand jury minutes (ECF No. 175), and denies Bell's "motion pursuant to Circuit Rule 28(J)" (ECF No. 185).

*C. Writ of mandamus*

Although Bell acknowledges that a writ of mandamus "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes,'" he fails to provide the court with any cogent argument as to why mandamus is appropriate or necessary.[6] (ECF No. 188 at 2 (quoting *Cheney v. United States Dist. Court*, 542 U.S. 367, 380 (2004)). Instead, he reiterates the arguments discussed above.

Accordingly, for the same reasons that the court denies Bell's other motions, the court denies Bell's motion for writ of mandamus. (ECF No. 188).

---

[6] Bell also filed a petition for writ of mandamus to the Ninth Circuit. (ECF No. 190). The Ninth Circuit denied Bell's petition for writ of mandamus because "[Bell] ha[d] not demonstrated that this case warrants the intervention of the court by means of the extraordinary remedy of mandamus." (ECF No. 192).

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that petitioner Cameron Bell's motion to vacate, set aside, or correct sentence pursuant to § 2255 motion (ECF No. 171) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED no certificate of appealability shall be issued, as explained in the body of the court's order.

IT IS FURTHER ORDERED that Judge Hoffman's report and recommendation (ECF No. 176) be, and the same hereby is, ADOPTED.

IT IS FURTHER ORDERED that Bell's motion for "grand jury minutes, transcripts, impanelment [sic], and extension of service dates" (ECF No. 175) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Bell's "motion pursuant to Circuit Rule 28(J)" (ECF No. 185) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Bell's motion for writ of mandamus (ECF No. 188) be, and the same hereby is, DENIED.

DATED January 21, 2020.

_____
UNITED STATES DISTRICT JUDGE